## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANDREW BAKAJ                              *
c/o Mark S. Zaid, P.C.                    *
1250 Connecticut Avenue, N.W.            *
Suite 700                                 *
Washington, D.C.  20036                   *
                                          *
     Plaintiffs,   *
                                          *
     v.            *        Civil Action No. 19-1580
                                          *
DEPARTMENT OF HOMELAND                    *
SECURITY                                  *
STOP-0655                                 *
245 Murray Lane, SW                       *
Washington, D.C. 20528-0655               *
                                          *
     Defendant.    *
                                          *
*    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

et seq., as amended, seeking the expedited processing of agency records requested by the

plaintiff Andrew Bakaj from the defendant Department of Homeland Security (and its

component entity).

## JURISDICTION

1.   This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.   Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.   Plaintiff Andrew Bakaj ("Mr. Bakaj") is a former Intelligence Officer assigned as a "Special Agent" at the Central Intelligence Agency's Office of the Inspector General ("CIA OIG"). During his time at the CIA OIG, Bakaj played a critical role in developing the agency's regulations governing whistleblower reprisal investigations. He is currently a practicing attorney and Managing Partner of Compass Rose Legal Group, PLLC.

4.   Defendant Department of Homeland Security ("DHS") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiff that are the subject of this action. DHS controls – and consequently serves as the proper party defendant for litigation purposes for – the Office of Inspector General ("OIG").

## FACTUAL BACKGROUND

5.   This FOIA lawsuit seeks expedited processing, and eventual production, of certain non-exempt U.S. Government records. Specifically, this lawsuit seeks to bring transparency to the details of a DHS OIG investigation into whistleblower retaliation allegations raised by Mr. Bakaj.

6.   Mr. Bakaj resigned from CIA OIG on June 12, 2015. That decision came after he had been on paid administrative leave for approximately 15 months, with no end in sight. Mr. Bakaj was placed on paid administrative leave by his superiors after he had assisted colleagues in lawfully raising whistleblower matters within proper agency channels, as well as participating as both a source and a witness in an ongoing investigation of CIA OIG. *https://www.cbsnews.com/news/christopher-sharpley-central-intelligence-agency-chief-watchdog-whistleblower-complaints/* (last accessed May 22, 2019).

2

7.   Mr. Bakaj (along with at least one other CIA OIG colleague, Jonathan Kaplan)
filed a complaint for whistleblower retaliation. The complaint specifically identified
Christopher Sharpley ("Mr. Sharpley"), then Acting Inspector General for CIA, as well as
former Inspector General David B. Buckley, among others, as having engaged in
whistleblower reprisal against Mr. Bakaj. Ultimately, as a result of the fact that
Mr. Sharpley himself was listed in the complaint, DHS OIG took over conducting the
investigation.

8.   During Mr. Sharpley's confirmation hearing as the nominee to be CIA Inspector
General in 2017, he denied knowledge of the fact that he was the subject of any
complaints, notwithstanding the fact that he was specifically named in Mr. Bakaj's
whistleblower complaint. After details of the ongoing investigation emerged, a planned
vote on Mr. Sharpley's nomination was postponed indefinitely. As a consequence,
Mr. Sharpley eventually withdrew his nomination in July 2018. *https://www.cbsnews.com
/news/christopher-sharpley-central-intelligence-agency-chief-watchdog-whistleblower-
complaints/* (last accessed May 22, 2019); and *https://www.cnn.com/2018/07/20/politics/
cia-watchdog-sharpley-withdraws-nomination/index.html* (last accessed May 24, 2019).

9.   Although DHS OIG has since concluded its investigation into the complaints
raised by Mr. Bakaj, neither details of the report nor even its conclusions have been made
public or otherwise provided to Mr Bakaj.

10. The purpose of this FOIA litigation is to provide accountability and lead to the
public disclosure of DHS OIG's investigation, its factual findings, and ultimate
recommendations regarding possible disciplinary action (if any) for Mr. Sharpley. At a
time when those with expertise and experience in the whistleblower arena are being

pushed out of critical positions in the U.S. Government, see *https://cornellsun.com/2018/*
*03/11/cornell-alumnus-expelled-from-the-office-of-the-inspector-general-as-another-*
*seeks-to-enter-it/* (last accessed May 22, 2019), learning what DHS OIG concluded about
alleged whistleblower retaliation by the acting Inspector General of the CIA is a matter of
critical public interest and importance.

### COUNT ONE (DHS)

11. The plaintiff, Mr. Bakaj, repeats and realleges paragraphs 5 through 10 above,
inclusive.

12. By letter dated May 7, 2019, Mr. Bakaj submitted to DHS a FOIA request. The
request sought expedited processing.

13. The FOIA request specifically sought copies of DHS records reflecting the OIG
investigation into allegations raised by Mr. Bakaj. The scope of the request encompassed
the entirety of DHS OIG's investigative file, including, but not limited to, all Memoranda
of Investigative Activity.

14. To date, no substantive response has been received by Mr. Bakaj from DHS
regarding expedited processing. Mr. Bakaj has constructively exhausted all required
administrative remedies.

WHEREFORE, plaintiff Andrew Bakaj prays that this Court:

(1) Order the defendant federal agency to grant the plaintiff expedited processing for
the request;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E)
and/or 28 U.S.C. § 2412(d);

(3) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(4) Grant such other relief as the Court may deem just and proper.

Date:   May 29, 2019

Respectfully submitted,

/s/

_____

Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiffs