***Bakaj v. DHS-OIG***
Case No. 19-1580 (ABJ)

Department of Homeland Security, Office of Inspector General *Vaughn* Index

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW BAKAJ, <br><br> *Plaintiff,* <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY <br><br><br><br> *Defendant.* | Civil Action No. 19-1580 (ABJ) |

**DHS OIG *Vaughn* Index**

This Vaughn index covers 366 pages of records released by DHS OIG in its final response to the Plaintiff in FOIA case no. 2019-IGPA-00075, dated May 10, 2022. Thirty-two pages of records were released in full, and 334 pages were released in part. On June 17, 2022, Plaintiff indicated its challenges to DHS OIG's final response. This Vaughn index is being provided in response to those challenges and provides the basis under which information has been withheld.

Information in response to Plaintiff's challenges were withheld in part on the basis of five Freedom of Information Act ("FOIA") exemptions, 5 U.S.C. §552, at (b)(1), (b)(3), (b)(5), (b)(6) and (b)(7)(C).

A. Exemption (b)(1) exempts from disclosure information that has been deemed classified "under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy" and is "in fact properly classified pursuant to such Executive order." Executive Order 13,526 sets forth the current standards governing national security classification and the mechanisms for declassification. Information considered for classification unauthorized disclosure could

    reasonably be expected to cause identifiable or describable damage to the national security.  Exemption (b)(1) has been applied for information that has been properly classified under national security executive order during the course of its investigation.

B. Exemption (b)(3) allows the withholding of information prohibited from disclosure by another federal statue provided that one of two disjunctive requirements are met: the statute either "(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (A)(ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld." DHS OIG has applied (b)(3) to protect the identity of DHS OIG's witnesses under the authority of the Inspector General Act of 1978, 5 U.S.C. App., as amended (IG Act) pursuant to Exemption 3.

C. Exemption (b)(5) protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  The Supreme Court has made it clear that the coverage of Exemption 5 is quite broad, encompassing both statutory privileges and those commonly recognized by case law, which include deliberative process privilege, attorney work-product privilege, and attorney-client privilege.  DHS OIG has applied (b)(5) in those instances where confidential communications exist between an attorney and client related to a legal matter.  All segregable information has been released.

D. Exemptions (b)(6) and (b)(7)(C) protect personal private interests.  Exemption 6 protects information about individuals in "personnel and medical files and similar files," while exemption 7(C) protects information compiled for law enforcement purposes.  As a law enforcement agency, DHS OIG uses (b)(6) and (b)(7)(C) in concert to redact information compiled for law enforcement purposes, which disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy.  Such information within the productions includes witness names, personally identifying information (PII), personal phone numbers, addresses, and lower-level DHS OIG investigative and law enforcement personnel PII.

DHS OIG consulted with the Central Intelligence Agency ("CIA") and the Office of the Director of National Intelligence ("ODNI"), in which each agency applied exemptions related to their equities. Exemptions provided by CIA in response to Plaintiff's challenges are addressed in a declaration by that agency, which has been attached as a separate exhibit to Defendant's filing. Plaintiff has indicated no objection to ODNI's withholdings, as such those withholding will not be addressed.

DHS OIG further referred 362 pages to CIA (14 pages on October 25, 2019 and 348 pages on November 21, 2019) and 1,098 pages to ODNI (151 pages on October 24, 2019, 24 pages on January 16, 2020 and 923 pages on March 11, 2020) for review, processing, and direct response to the Plaintiff.

Bakaj v. DHS – *Vaughn Index*

| | | **EXEMPTION SUMMARIES AND EXPLANATIONS** | |
|---|---|---|---|
| **Bates Page Number(s)** | **Withholding Full/Partial** | **Description of Records and Redactions, and Reasons for Redactions** | **Exemptions(s) Applied** |
| 31 | Partial | Redactions: This page is from DHS OIG's Report of Investigation (ROI). The information specifically withheld from this page contains the names and identifying information of DHS OIG's witnesses. Specially, this information contains statements made to DHS OIG's investigative personnel during the course of the whistleblower investigation, that would reveal the identity of the witness. This information was withheld under FOIA exemption (b)(6) and (b)(7)(C).<br><br>Reason: Exemption (b)(6) protects information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy" and whether the public interest in disclosure outweighs the individual privacy concerns. Exemption (b)(7)(C) is limited to information compiled for law enforcement purposes and protects personal information when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy."<br><br>(b)(6) and (b)(7)(C) are similar in that both protect individual privacy interests and require a balancing test weighing an individual's privacy interests against the public's interest in the disclosure of the information requested. As the information contained within this page, was compiled for law enforcement purpose. (b)(6) and (b)(7)(C) were used to protect information pertaining to these DHS OIG witnesses mentioned or involved with the law enforcement or whistleblower investigation. Under (b)(6), the disclosure of names and/or other identifying information of third-party individuals, specifically OIG's witnesses in an investigation could reasonably be expected to constitute an unwarranted invasion of these individuals' personal privacy interests in: (1) not being associated unwarrantedly with alleged criminal activity and whistleblower activity and (2) being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion.<br><br>Further, DHS OIG compiled witnesses' statements for law enforcement purposes, specifically a whistleblower investigation, which under the FOIA (b)(7)(C) provides protection of these individuals privacy interest. OIG's witnesses in a whistleblower | Freedom of Information Act 5 U.S.C. § 552 (b)(6) and (b)(7)(C) |

Bakaj v. DHS – *Vaughn Index*

| Bates Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemptions(s) Applied |
|---|---|---|---|
| | | investigation are providing sensitive information, which may subject them to retaliation, harassment and/or embarrassment if their identity is revealed. Sharing of PII potentially places the complainant and/or witness in jeopardy of retaliation and has a chilling effect on whistleblowing activities. The release of these OIG witnesses' PII and/or identifying information would cause "a clearly unwarranted invasion of personal privacy" and the non-disclosure of these individuals PII outweighs any public interest in how the government is performing its statutory duties.  The disclosure of this information of would provide little to no understanding of how the Department carries out its mission.

Further, under the Whistleblower Protection Act and Inspector General Act of 1978, DHS OIG has a statutory obligation to protect a whistleblower's identity. | |
| 39, 47, 49, 51-52, 54, 56, 58, 60-61, 64, 67-73, 75-79, 83-86, 101, 105, 110-114, 116, 118-119, 121, 123, 125-127, 129, 133-136, 139-140, 143, 196, 221-222, 229, 244 | Partial | Redactions: These pages contain witness interview documents, pages from DHS OIG's Report of Investigation (ROI) and emails that consist of the names of DHS OIG lower-level investigative and law enforcement personnel, their direct telephone numbers, email addresses and information that could reasonably be expected to identify these individuals. This information is considered Personally Identifiable Information (PII) of federal employees and was withheld under FOIA exemptions (b)(6) and/or (b)(7)(C).

Reason: Exemption (b)(6) protects information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy" and whether the public interest in disclosure outweighs the individual privacy concerns.  Exemption (b)(7)(C) is limited to information compiled for law enforcement purposes and protects personal information when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy."

Under (b)(6) and (b)(7)(C), DHS OIG protects the names of lower-level DHS-OIG employees and any other information that could reasonably be expected to identify those individuals.

The nature of DHS OIG's work is often sensitive and contentious, which may subject DHS OIG's investigative personnel and law enforcement officers to harassment, if their identity or PII is disclosed.  Further, the disclosure of the names and contact information | Freedom of Information Act 5 U.S.C. § 552 (b)(6) and (b)(7)(C) |

Bakaj v. DHS – *Vaughn Index*

| | | of these individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting OIG Investigative personnel and law enforcement officers to both harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as law enforcement personnel involved with law enforcement investigations; and (3) possibly minimizing their ability to effectively conduct future investigations.  The disclosure of this PII serves no public interest and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
|---|---|---|---|
| **Bates Page Number(s)** | **Withholding Full/Partial** | **Description of Records and Redactions, and Reasons for Redactions** | **Exemptions(s) Applied** |
| 39-46, 101-104, 110-136, 140-142, 143-149, 196-219, 222-228, 230-243, 245-247, 256, 266-271, 273, 300-307, 308, 312, 357-360, 362-364 | Partial | Redactions: These paragraphs are within DHS OIG's enclosures to the Report of Investigation. These enclosures are known as Memorandum of Activities, which document witnesses' interviews. The information contained within these paragraphs include the names and other identifiable information of the DHS OIG witness being interviewed. This information is identifying employment title and description of the witness, the individual's work history, identifying statements made to the DHS OIG investigator, signatures and various identifying interactions and meetings that will identify the witness. This information is considered Personally Identifiable Information (PII) of federal employees and was withheld under FOIA exemptions (b)(6) and/or (b)(7)(C).

Reason: Exemption (b)(6) protects information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy" and whether the public interest in disclosure outweighs the individual privacy concerns.  Exemption (b)(7)(C) is limited to information compiled for law enforcement purposes and protects personal information when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy."

(b)(6) and (b)(7)(C) are similar in that both protect individual privacy interests and require a balancing test weighing an individual's privacy interests against the public's interest in the disclosure of the information requested. As the information contained within this page, was compiled for law enforcement purpose. (b)(6) and (b)(7)(C) were used to protect information pertaining to these DHS OIG witnesses mentioned or involved with the law | Freedom of Information Act 5 U.S.C. § 552 (b)(6) and (b)(7)(C) |

| Bates Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemptions(s) Applied |
|---|---|---|---|
| | | enforcement or whistleblower investigation. Under (b)(6), the disclosure of names and/or other identifying information of third-party individuals, specifically OIG's witnesses in an investigation could reasonably be expected to constitute an unwarranted invasion of these individuals' personal privacy interests in: (1) not being associated unwarrantedly with alleged criminal activity and whistleblower activity and (2) being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion.<br><br>Further, DHS OIG compiled witnesses' statements for law enforcement purposes, specifically a whistleblower investigation, which under the FOIA (b)(7)(C) provides protection of these individuals privacy interest. OIG's witnesses in a whistleblower investigation are providing sensitive information, which may subject them to retaliation, harassment and/or embarrassment if their identity is revealed. Sharing of PII potentially places the complainant and/or witness in jeopardy of retaliation and has a chilling effect on whistleblowing activities. The release of these OIG witnesses' PII and/or identifying information would cause "a clearly unwarranted invasion of personal privacy" and the non-disclosure of these individuals PII outweighs any public interest in how the government is performing its statutory duties.  The disclosure of this information of would provide little to no understanding of how the Department carries out its mission.<br><br>Further, under the Whistleblower Protection Act and Inspector General Act of 1978, DHS OIG has a statutory obligation to protect a whistleblower's identity. | |
| 16 | Partial | Redactions: These pages contain classified information obtained from OIG witnesses during the course of the OIG investigation and was withheld under Exemption 1, to protect information concerning matters of national security.  This information was originally classified by and derived from the Central Intelligence Agency (CIA).<br><br>Reason: Exemption (b)(1), protects from disclosure information that has been deemed classified "under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy" and is "in fact properly classified pursuant to such Executive order. | Freedom of Information Act 5 U.S.C. § 552 (b)(1) |

Bakaj v. DHS – *Vaughn Index*

| Bates Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemptions(s) Applied |
|---|---|---|---|
| 231-232, 234-235, 335, 360, 362 | Partial | Redactions: The information within these paragraphs contain protected attorney-client communications and was properly withheld under FOIA exemption (b)(5).<br><br>Reason: Exemption (b)(5) allows for the withholding of information that is deliberative, draft and pre-decisional, attorney work product, and protected attorney-client privilege. The information contained within these pages fall within the attorney-client privilege. These communications include discussions between the witness and an attorney regarding allegations of retaliation he made against a federal agency, as well as discussions made between the witness and counsel of the agency, in which the witness sought legal advice regarding an ongoing investigation. These communications involved issues of law and questions about evidence. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his or her client. If these communications, as covered by the attorney-client privilege, were disclosed, this would result in a chilling effect on interactions and communications between agency employees and their legal counsel and would hamper the agency's ability to efficiently and effectively formulate law enforcement techniques and strategies. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| **Bates Page Number(s)** | **Withholding Full/Partial** | **Description of Records and Redactions, and Reasons for Redactions** | **Exemptions(s) Applied** |
| 245-247, 256, 314-320, 326-328, 330-335 | Partial | Redactions: These pages contain the names of OIG witnesses, specifically employees who provided information during the course of the DHS OIG Whistleblower investigation and have been withheld under the Inspector General Act of 1978, section 7(b) and 50 U.S.C § 3033(g)(3)(A).<br><br>Reason: Exemption (b)(3) allows for the withholding of information prohibited from disclosure by another federal statute provided that one of two disjunctive requirements are met: the statute either "(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (A)(ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld."<br><br>In order to encourage a free flow of information from employees to the OIG, the Inspector General Act of 1978, as amended (IG Act) protects the identities of employees who submit complaints or information to the OIG under section 7(b). Pursuant to section 7(b) of the IG | Freedom of Information Act 5 U.S.C. § 552 (b)(3) |

Bakaj v. DHS – *Vaughn Index*

| | | Act the "The Inspector General shall not, after receipt of a complaint or information from an employee, disclose the identity of the employee without the consent of the employee, unless the Inspector General determines such disclosure is unavoidable during the course of the investigation." Similarly, 50 U.S.C. § 3033(g)(3)(A) protects from disclosure the identity of an employee who submits complaints or information during the course of an investigation.<br><br>Therefore, pursuant to Section 7(b) of the IG Act and 50 U.S.C. § 3033, the information withheld been properly withheld under exemption (b)(3). | |

Bakaj v. DHS – *Vaughn Index*